In the Matter of WILLIAM M. GOLDMAN and VINCENT J. HALEY, Attorneys, Respondents. SOLOMON A. KLEIN, Petitioner.

Second Department, November 10, 1971.

*Solomon A. Klein.* (*Frank A. Finnerty, Jr.,* of counsel), petitioner in person.

*William M. Goldman* and *Vincent J. Haley,* respondents in person.

*Per Curiam.* Each of the respondents was admitted to practice law by this court, the respondent Goldman on January 18, 1952 and the respondent Haley on March 31, 1954.

In this proceeding to discipline the respondents for professional misconduct, the petitioner has moved, and the respondents have cross-moved, each in certain (but different) respects to confirm, and, similarly, in other respects to disaffirm the report of Mr. Justice CASTALDI, to whom the issues were referred for hearing.

In our opinion, the evidence presented overwhelmingly supports the Justice's finding that the respondents, acting jointly, are guilty of professional misconduct prejudicial to the administration of justice with respect to 36 of the 41 specifications or charges set forth in the petition, which he found to have been sustained (four of them in part only).

Without detailing each of the specifications which have been sustained against the respondents, a few examples will suffice to illustrate their unethical practices. Thus, in an infant's negligence action, after a Justice of the Supreme Court had rejected a proposed compromise order on the ground of an apparent conflict of interest, the respondents prevailed upon another attorney (inexperienced in such matters) to submit a false and fraudulent affidavit to another Justice of the Supreme Court which stated that it was such other attorney who had negotiated the proposed settlement of the infant's action. As intended, the second Justice was thereby deceived and induced to approve a compromise order, awarding to such other attorney a $500 fee for legal services ostensibly rendered by him in the infant's behalf, and out of which he paid $450 to the respondents. None of this was revealed in the closing statement; and the affidavit, which was prepared by the respondents and altered after signature and notarization, failed to disclose the prior application or the reason for the rejection.

In a number of other cases, the respondents likewise deceived the court and the infants involved therein by obtaining orders settling infants' claims for stated amounts, whereas the actual settlement figures were higher. In their false closing statements, the respondents were thus able to conceal payment of the excess amounts to the infants' parents, in which the respondents shared.

In three other infants' cases, the claims were settled and paid without obtaining court approval of the compromises (cf. *Matter of Sgarlato,* 27 A D 2d 738).

In addition to the foregoing, it was clearly established that the respondent Goldman knowingly testified falsely as a witness at a trial in response to questions put to him by the respondent Haley who knew that the answers given were false and that, in the course of a second trial concerning the same matter, they knowingly caused a forged carbon copy of a claim letter to be received in evidence against the carrier in order to establish its liability under statute, and included in their briefs on two appeals knowingly false statements to the same effect.

In our opinion, the respondents are completely lacking in the candor which must characterize the conduct of an attorney. It is evident to us that the respondents' explanations concerning the proven specifications, which include submission of a false loss-of-earnings statement to an insurance carrier, commingling of funds, failure to maintain a special bank account, an attempt to defraud a hospital of full payment of its lien, failure to keep adequate financial and other records in negligence cases, and failure to file retainer and closing statements, constituted truly tortured hair-splitting designed to flout the realities. Each of the respondents must assume responsibility for the conduct and acts of the other (*Matter of Shields,* 16 A D 2d 50, mot. for lv. to app. den. 11 N Y 2d 648; *Matter of Gladstone,* 16 A D 2d 512, mot. for lv. to app. den. 12 N Y 2d 644; *Matter of Weitz,* 11 A D 2d 76, affd. 9 N Y 2d 735).

Accordingly, we grant the petitioner's motion to confirm the report and deny the respondents' motion to disaffirm, insofar as the report sustains, in full or to any extent, the specifications contained in the petition; and deny the petitioner's motion and grant the respondents' motion, insofar as each such motion relates to the specifications found in the report not to have been sustained.

Each of the respondents is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law and his name removed from the roll of attorneys and counselors at law, effective forthwith.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Petitioner's motion granted and respondents' motion denied, insofar as the report sustains, in full or to any extent, the specifications contained in the petition; and petitioner's motion denied

and respondents' motion granted, insofar as the motions relate to the specifications found in the report not to have been sustained.

Each of the respondents is adjudged guilty of serious professional misconduct; each is disbarred; and the name of each is ordered removed from the roll of attorneys and counselors at law, effective forthwith.